**Sammie D. ROSE, Petitioner,**

v.

**TRIPLE M & K COAL COMPANY; American Business and Mercantile Insurance Mutual, Inc.; Director, Office of Workers' Compensation Programs, United States Department of Labor, Respondents.**

**No. 00–3928.**

United States Court of Appeals, Sixth Circuit.

March 7, 2001.

Before BOYCE F. MARTIN, Jr., Chief Judge; MOORE, Circuit Judge; and TARNOW,* District Judge.

Sammie D. Rose, a former miner proceeding pro se, petitions for review of the Benefits Review Board's decision and order denying his claim for benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901–45. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Rose filed an application for black lung benefits with the Department of Labor (DOL) on December 12, 1996. The district director denied his claim on November 6, 1997, and the claim was transferred to the Office of Administrative Law Judges. A formal hearing was held on September 25, 1998, after which the administrative law judge (ALJ) issued a decision and order denying benefits. The ALJ found that Rose had established 15 years of qualifying coal mine employment and had never smoked. However, the ALJ further found

---

* The Honorable Arthur J. Tarnow, United States District Judge for the Eastern District of Michigan, sitting by designation.

that Rose had failed to establish either that he suffered from pneumoconiosis or that he was totally disabled from a pulmonary or respiratory impairment arising out of his coal mine employment. Rose appealed to the Benefits Review Board (Board), which found the ALJ's decision to be supported by substantial evidence and denied benefits in a decision and order issued on April 10, 2000. Rose's motion for reconsideration was denied on June 23, 2000.

In his petition for review, Rose argued that the ALJ improperly credited the opinions of physicians who had never examined him over his own doctor's reports. From attachments to his brief, it appears that Rose also continues to challenge the representation by the insurance carrier's attorney of Triple M & K Coal Company, which he owned and which, he asserts, does not oppose his claim for benefits.

 This court must affirm the Board's decision if the Board has not committed any legal error or exceeded its statutory scope of review of the ALJ's determinations. *Glen Coal Co. v. Seals,* 147 F.3d 502, 510 (6th Cir.1998). The court reviews the ALJ's decision only to decide whether it is supported by substantial evidence and is in accordance with the applicable law. *Id.* This court does not reweigh the evidence or substitute its judgment for that of the ALJ. *Gray v. SLC Coal Co.,* 176 F.3d 382, 387 (6th Cir.1999). Thus, as long as the ALJ's conclusions are supported by the evidence, they will not be reversed, "even if the facts permit an alternative conclusion." *Youghiogheny & Ohio Coal Co. v. Webb,* 49 F.3d 244, 246 (6th Cir.1995).

 Rose's objection to the representation of the insurance carrier's attorney for his coal company is unavailing. He admitted during his deposition and at the hearing that Triple M & K paid premiums to American Business and Mercantile for black lung insurance. In addition, documents submitted to the DOL indicated that Triple M & K was a subcontractor to Hawkins Coal Company, which for a time provided, through American Business and Mercantile, black lung insurance for Triple M & K. Thus, as the party responsible for payment in the event Rose's claim was successful, the insurance carrier properly, through the terms of its policy, controverted Rose's claim for benefits on behalf of Triple M & K. Furthermore, the insurance carrier's attorney properly represented Triple M & K through her representation of the carrier.

 Because Rose filed his claim after March 31, 1980, his entitlement to benefits is governed by Part 718 of the regulations. *See* 20 C.F.R. § 718.2; *Saginaw Mining Co. v. Ferda,* 879 F.2d 198, 204 (6th Cir. 1989). To be entitled to benefits under Part 718, a miner must show that: (1) he has pneumoconiosis; (2) the pneumoconiosis arose out of his coal mine employment; and (3) the pneumoconiosis rendered him totally disabled. 20 C.F.R. § 718.202–204; *Adams v. Director, OWCP,* 886 F.2d 818, 820 (6th Cir.1989). The claimant must prove each element by a preponderance of the evidence, except insofar as he is aided by a presumption. *Id.*

 Because the ALJ carefully considered each piece of relevant medical evidence and permissibly assigned controlling weight to the more well-reasoned physicians' opinions, this court will not disturb the ALJ's finding that Rose had failed to establish that he is totally disabled due at least in part to pneumoconiosis. The ALJ's decision is supported by substantial evidence and is in accordance with the applicable law.

Accordingly, Rose's petition for review is denied. Rule 34(j)(2)(C), Rules of the Sixth Circuit.